## FITZPATRICK v. BANK OF FORREST CITY.

### Opinion delivered June 6, 1910.

PLEDGES—SALE—NOTICE.—In the absence of any stipulation, a pledge can not be sold by the pledgee except at public sale after due notice.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*R. W. Nicholls,* for appellant.

The sale by the pledgee without notice to the pledgeor of the time and place was illegal and a conversion. 47 Fed. 236; 93 Ala. 599; 41 Cal. 519; 128 Ill. 533; 32 Ark. 742; 22 Ia. 307; Story on Bailments, § 310; 52 Pa. St. 498. The pledgeor was entitled to the excess of what the property brought over and above the indebtedness. Edw. on Bail., 236; 32 Ark. 748. The pledge could not be applied to the payment of any other debt. 90 Cal. 10; 69 Ill. 32. A bill in chancery may be maintained where there is no remedy at law. 80 Ala. 78; 93 U. S. 321; Colebroke on Coll. Sec., 162.

*S. H. Mann,* for appellee.

The certificate being assignable, the title passed to the assignee. Kirby's Dig., § 7093. The appeal of this case did not have the effect of reviving the injunction, and it is not shown that a reverse would serve any purpose. High on Inj., § 1431.

BATTLE, J. On the 13th day of June, 1904, the east half of section 29 in township 6 north, and in range 2 east, in St. Francis County, in this State, was sold for taxes and purchased by W. J. Lanier, who received a certificate of purchase for the same. On the 12th day of June, 1906, in consideration of the sum of one hundred dollars paid to him by L. A. Fitzpatrick, Lanier assigned the certificate to Fitzpatrick, who borrowed the one hundred dollars from the Bank of Forrest City, and gave it a check for that amount on the Fitzpatrick Drug Company, of Helena, Arkansas, with the certificate of purchase attached as security. The check was protested for nonpayment. Fitzpatrick failing to pay it, the bank or its cashier, Eugene Williams, sold the certificate, on the 28th of June, 1906, at private sale, without notice, to the Jacks Real Estate Company for about $130.

Apprehensive that Eugene Williams, cashier of the bank, might assign it to an innocent purchaser, and that T. C. Merwin, county clerk of St. Francis County, might convey the land to the assignee, and before he learned that the certificate was sold to Jacks Real Estate Company, Fitzpatrick brought suit against the bank, Williams and Merwin in the St. Francis Chancery Court, and asked that a temporary restraining order, restraining Williams from assigning the certificate, and Merwin, county clerk, from executing a deed to the land therein described, be issued, and the chancellor granted it.

Afterwards on the 28th day of January, 1908, Jacks Real Estate Company was made a defendant, and the prayer of the complaint was amended, asking that the Jacks Real Estate Company be required to deliver the certificate of purchase to plaintiff upon the payment of the amount of money that was due thereon to the Bank of Forrest City or to Eugene Williams when it or he transferred and sold it, together with the interest that has accrued thereon.

The Bank of Forrest City and Eugene Williams answered, and Jacks Real Estate Company answered on the 18th day of

June, 1908, and among other things said that "it is the owner of the land described in the complaint, and that the tax certificate described in the complaint was purchased by E. C. Hornor from the Bank of Forrest City and Eugene Williams for and on its behalf and for the purpose of protecting its title to the land; and it asked that its purchase of the certificate be treated as a redemption.

Upon hearing the court dismissed the complaint for want of equity, and the plaintiff appealed.

Section 7093 of Kirby's Digest in part provides: "The collector shall make out and deliver to the purchaser of any land, or town or city lot, or parts thereof, sold for delinquent taxes as aforesaid, a certificate of purchase. * * * Such certificate shall be assignable in law, and an assignment shall vest in the assignee, or his legal representative, all the right, title and estate of the original purchaser." Under this statute Fitzpatrick acquired a title to the certificate in question by the assignment. The Bank of Forrest City or Eugene Williams acquired no title to it, but only the right to hold it as security for the payment of a debt, and Fitzpatrick did not forfeit his title or interest in the same until it was foreclosed. In the absence of a stipulation of the parties to the contrary, that could not be done without a public sale after due notice. *Sharpe* v. *National Bank,* 87 Ala. 644; *Carson* v. *Iowa City Gas Light Co.,* 80 Iowa 638; *Strong* v. *National Mechanics' Banking Association,* 45 N. Y. 718; Jones on Pledges and Collateral Securities (2 ed.), § § 602, 603; 22 Am. & Eng. Enc. of Law, 890; 31 Cyc. 878.

The Jacks Real Estate Company acquired no right to the certificate, the transfer to it being without right and it having purchased with notice of the rights of Fitzpatrick to the same. The time for redeeming the lands described in the certificate having expired at the time it purchased, it acquired none by redemption.

The decree of the chancery court is therefore reversed, and the cause is remanded with directions to the court to compel the Jacks Real Estate Company to surrender to Fitzpatrick the possession of the certificate of purchase upon payment of the amount of money that was due thereon to the Bank of For-

rest City or to Eugene Williams when it or he transferred
and sold the same, together with the interest that has accrued
thereon, within a reasonable time to be specified by the court.